## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN DOE C.R., an individual,** | ) |
| | ) |
| **Plaintiff.** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Serve at:** | ) |
| | ) |
| **Attorney General of the United States** | ) |
| **950 Pennsylvania Avenue, NW** | ) |
| **Washington, D.C. 20530** | ) |
| | )   **Case No. _____** |
| **And** | ) |
| | ) |
| **U.S. Attorney for the District of Kansas** | ) |
| **1200 Epic Center, 301 N. Main** | ) |
| **Wichita, KS 67202** | ) |
| | ) |
| **And** | ) |
| | ) |
| **DAVID SHULKIN, in his official capacity as** | ) |
| **The SECRETARY OF THE DEPARMENT** | ) |
| **OF VETERAN AFFAIRS** | ) |
| | ) |
| **Serve at:** | ) |
| **810 Vermont Ave** | ) |
| **NW Washington DC 20420** | ) |
| | ) |
| **And** | ) |
| | ) |
| **MARK E. WISNER, an individual** | ) |
| | ) |
| **Serve at:** | ) |
| **641 E. 8thStreet** | ) |
| **Horton, KS 66439** | ) |
| **Defendants.** | ) |

## COMPLAINT WITH JURY TRIAL DEMAND

COMES NOW Plaintiff John Doe Sgt. E-5, C.R., [Hereinafter "Sgt. C.R."] by and through his counsel of record, and brings this complaint against the Defendants pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this claim against the United States for damages pursuant to 28 U.S.C. § 1346(b)(1).

2.      This Court additionally has supplemental jurisdiction over Sgt. C.R.'s claims against Defendant Wisner pursuant to 28 U.S.C. § 1367(a) as Sgt. C.R.'s claims against Defendant Wisner arise out of the same case and controversy as Sgt. C.R.'s claims against Defendant United States of America.

3.      The acts or omissions occurred in the District of Kansas. Venue is therefore proper under 28 U.S.C. § 1402(b).

4.      Defendant United Sates of America operates the Department of Veteran Affairs. The Defendant may be served by certified mail, return receipt requested, to Tom Beall, the United States Attorney for the District of Kansas at 1200 Epic Center, 301 N. Main, Wichita Kansas 67202 and Jeff Sessions, the United States Attorney General, U.S. Department of Justice, 950, 950 Pennsylvania Avenue NW, Washington DC 20530.

5.      The Defendant, United States Department of Veteran's Affair [Hereinafter "VA"], is an Agency of the United States and may be served at 810 Vermont Ave, NW Washington DC 20420.

6.      The Eastern Kansas Veterans' Administration Hospital in Leavenworth, Kansas is

owned by Defendant United States of America and managed by the Department of Veterans Affairs pursuant to statutory authority.

7.     On November 16, 2016 in conformity with 28 U.S.C. § 2675, the Plaintiff presented a written notice to the Department of Veteran Affairs Office of Regional Counsel,1 Jefferson Barracks Dr., Building 25, St. Louis, Missouri 63125 setting forth Plaintiff's claim for damages, in the amount of $5,000,000.

8.     On April 20, 2017 Plaintiff received notification by certified mail of the denial of Plaintiff's claim.

9.     As such, Plaintiff's Complaint has been filed within the six months after receiving the denial in compliance with the Federal Torts Claims Act, 28 U.S.C. §§ 2401(b) and 2675(a).

## PARTIES

10.     Sgt. C.R. is an adult man and all times herein relevant has been a resident of the State of Kansas.

11.     Defendant United States of America is a governmental entity with medical facilities throughout the United States of America, in particular, the Dwight D. Eisenhower VA Medical Center in Leavenworth, Kansas.

12.     Defendant United States of America is amenable to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§2671-2680 as well as 38 U.S.C.A. §7316, as the negligence alleged herein was a result of medical treatment Sgt. C.R. received from an employee of the Eastern Kansas Veterans' Administration Hospital in Leavenworth, Kansas, specifically, Dr. Mark E. Wisner.

13.     Defendant Unites States of America is sued as principal and, as alleged herein, all of the acts performed by Defendant's agents and employees, including Mark Wisner, were

3

performed within the course and scope of their authority and employment and/or agency and

with the consent of the Defendant, rendering Defendant United States of America liable for all of

their actions detailed below pursuant to the Federal Torts Claims Act, 26 U.S.C. §§1346(b) and

2671-80.

14.     At the time of the negligent acts complained of herein and at all other times

relevant hereto, Defendant Mark E. Wisner PA ("Defendant Wisner") was a licensed physician's

assistant, who with Defendant United States of America's knowledge, represented and held

himself out to the public, and in particular to Sgt. C.R., as a medical doctor. Defendant Wisner

was employed by Defendant USA at all times relevant hereto.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

13.     Sgt. C.R. is a veteran of the Iraq war.

14.     Sgt. C.R. served two tours of on-ground combat during "Operation Iraqi

Freedom" from January 2005 to January 2006 and from September 2008 to September 2009.

15.     Following his service in Baghdad where Sgt. C.R. was engaged in firefights and

witnessed the deaths of his friends, Sgt. C.R. has been physically and psychologically disabled.

16.     Sgt. C.R. sought care for his disabilities through the Veteran Affairs Medical

Center ("VAMC") in Leavenworth, Kansas.

17.     Sgt. C.R. was first treated by Defendant Wisner in November 2011.

18.     Defendant Wisner gained Sgt. C.R.'s trust by discussing his own Vietnam

experiences.

19.     Sgt. C.R. experience severe PTSD, was emotionally and psychologically

vulnerable and needed a safe veteran group with whom he could identify, share and trust.

Defendant Wisner used that role to exploit Sgt. C.R.

4

20.     Defendant Wisner frequently hugged Sgt. C.R. and provided reassurance to Sgt. C.R. Sometimes, he would engage with Sgt. C.R. when Sgt. C.R.'s "PTSD unit" treatment did not go well.

21.     Sgt. C.R. grew to trust Wisner as a physician, confidant and counselor to him.

22.     Defendant Wisner garnered Sgt. C.R.'s trust then began using Sgt. C.R. and other soldiers for his own sexual and emotional gratification.

23.     During the course of his employment, Defendant Wisner repeatedly violated the standard of care in caring for Sgt. C.R. by wrongfully subjecting Sgt. C.R. to inappropriate sexual comments and inappropriate physical examinations.

24.     Defendant Wisner used that trust to perform unnecessary genital exams during virtually each one of Sgt. C.R.'s 19 visits to Wisner from November 9, 2011 to November 20, 2013.

25.     During several visits Defendant Wisner did not wear gloves during the genital exams, spent considerable time fondling Sgt. C.R.'s genitals, and during each visit Wisner made inappropriate comments regarding Sgt. C.R.'s penis and sexual activity.

26.     At no point in time did Sgt. C.R. ever complain of any urological problems that would warrant such frequent genital examinations.

27.     Further, Sgt. C.R. frequently spoke to Defendant Wisner about going to another doctor who specialized in knee injuries.

28.     In order to continue fondling Sgt. C.R., Defendant Wisner deceived Sgt. C.R. into staying by promising to connect him with a knee specialist. Defendant Wisner never delivered on that promise and continued being sexually inappropriate with Plaintiff.

29.    In addition, Wisner overmedicated Sgt. C.R. by plying Sgt. C.R. and others with copious amounts of prescription drugs and morphine that increased their dependence upon him and decreased their wariness of the manner in which he provided healthcare services.

30.    As a result, Sgt. C.R. became addicted to morphine.

31.    His addiction became so bad, he had to detox and enroll in a substance abuse rehabilitation program.

32.    At all relevant times and before Sgt. C.R. came into contact with Wisner, Defendants VA and United States of America knew of should have known that Defendant Wisner was an impaired practitioner incapable of appropriate patient care.

33.    Defendant Wisner had previously been arrested for lewd behavior in California, but was allowed to practice by the VAMC.

34.    Defendants VA and United States of America, by and through their staff failed to monitor Defendant Wisner's clinical activities to ensure they were within the authorized Scope of Practice and medically appropriate pursuant to VHA Directive 2004-029 or, in the alternative, VHA Directive 1063 and the Physician assistant licensure act, K.S.A. 65-28a01, et seq, requiring direction and supervision of physician assistants.

35.    On February 5, 2015, Defendant Wisner executed a Consent Order for Surrender, which was filed by the Kansas Board of Healing Arts ("KBOHA") on February 10, 2015.

36.    In the Consent Order, Defendant Wisner admitted to using "his positions as a physician assistant at the Dwight D. Eisenhower VA Medical Center in Leavenworth, Kansas to commit sexual battery crimes against veteran patients," including Sgt. C.R..

37.    Defendant Wisner admitted that he violated K.S.A. 65-28a05(a) by "committing repeated acts of unprofessional conduct with patients" at the VA.

6

38.    In addition, Defendant Wisner admitted violating Kansas statutes and regulations while working as a physicians' assistant at the VA by:

    a.    Repeatedly violating "the physician assistant licensure act . . ., by repeatedly sexually assaulting his patients, having inappropriate sexual contact with his patients, making inappropriate sexual comments to his patients, overprescribing to his patients, and not meeting the appropriate standard of care:"

    b.    "Practicing as a physician assistant without reasonable skill and safety to his patients;"

    c.    Committing "acts of sexual abuse, misconduct, and exploitation" of his patients;

    d.    Failing "to keep written medical records that accurately described the services rendered to his patients;"

    e.    Performing "unnecessary testicular and genital exams and performed unnecessary contact of his patients for no legitimate medical purposes;"

    f.    Committing "repeated acts of professional incompetency on patients;"

    g.    Failing "to adhere to the applicable standard of care to a degree that constitutes ordinary negligence when he repeatedly performed unnecessary genital and testicular examinations, overmedicated patients, and failed to wear gloves and did not refer patients as needed;" and

h. "[E]ngaging in a pattern or practice or behavior" with his patients that "demonstrates a manifest incapacity or incompetence to perform professional services as a physician assistant when he repeatedly performed unnecessary genital and testicular examinations, overmedicated patients, and failed to wear gloves and did not refer patients as needed;" and

i. "[E]ngaging in a pattern or practice or behavior" with his patients that "demonstrates a manifest incapacity or incompetence to perform professional services as a physician assistant when he repeatedly performed unnecessary genital and testicular examinations, overmedicated patients, failed to wear gloves and did not refer patients as needed."

39.    In August of 2017, Defendant Wisner was found guilty of one count of criminal sodomy, one count of aggravated sexual battery, and three counts of sexual battery.

40.    Sgt. C.R. first learned of the illegal, harmful and tortious nature of Defendant Wisner's actions when he saw news about Wisner broadcast on TV in 2015.

41.    On information and belief, Defendant United States of America, by and through its agents and employees, knew or should have known that Defendant Wisner had victimized other veterans at the VA; was a danger to VA patients; was an impaired practitioner; had propensities to provide improper medical care; and/or had propensities to violate patients' boundaries.

42.    Defendant United States of America, by and through its agents and employees, failed to appropriately monitor Defendant Wisner's clinical activities to ensure the presence of

8

ongoing competence and medical appropriateness, which was clearly lacking in the patients Wisner encountered, including Sgt. C.R..

43.     Defendant United States of America, by and through its agents and employees, had knowledge that Defendant Wisner was a danger to his patients and failed to take appropriate action to correct his inappropriate conduct, including but not limited to: removing Defendant Wisner from patient care, and using chaperones; supervising his care and treatment; monitoring his medication prescriptions and other acts.

44.     As direct result of the Defendants' actions, Sgt. C.R. has been caused to suffer from personal and physical injury including, but not limited to: suicidal ideation, panic attacks, PTSD exacerbation, chronic depression and generalized anxiety disorder. Sgt. C.R. also suffers shock, emotional distress, physical manifestations of emotional distress, strain and stress in his marriage, inability to be intimate with this spouse, embarrassment, anger and loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, and out of pocket costs. In addition, because Sgt. C.R. could no longer be treated by Defendant Wisner because of Wisner's tortious conduct, Sgt. C.R. was denied essential care giver benefits. Sgt. C.R. has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

## COUNT 1
## NEGLIGENCE—MEDICAL MALPRACTICE
### (All Defendants)

45.     Sgt. C.R. hereby incorporates by reference the allegations contained in the above paragraphs as if fully restated herein.

46.     Sgt. C.R. suffered injuries to his leg in the line of duty in the Iraq war.

9

47.  Sgt. C.R. has been prescribed medication to treat the pain that he still experienced following his leg injury.

48.  Defendant Wisner was a physician's assistant for the Leavenworth VA hospital, who, as a part of his job duties, practiced and prescribed medicine, including performance of physical exams, under the close supervision of a VA hospital physician.

49.  Defendant Wisner owed Sgt. C.R. the duty to use that degree of learning and skill ordinarily possessed and used by member of his profession and of that school of medicine in the community in which Defendant Wisner practiced medicine.

50.  Defendants VA and United States of America owed Sgt. C.R. a duty to exercise reasonable care as the Sgt. C.R.'s condition required.

51.  All Defendants owed Sgt. C.R. the duty of using ordinary reasonable care and diligence in providing him medical care.

52.  All Defendants violated their duties to the Sgt. C.R. when their medical treatment failed to meet the standard of care.

53.  Defendant Wisner violated the standard of care when he:

   a.  Conducted improper and/or unnecessary examinations of Sgt. C.R.'s genitalia;

   b.  Provided Sgt. C.R. with large amounts of prescription medication that were medically unnecessary and excessive;

   c.  Failed to recognize his own impairment and refer Sgt. C.R. to another practitioner;

   d.  Failed to wear gloves during the examinations of Sgt. C.R.'s genitalia; and;

   e. Used his position to elicit unnecessary private information from the Sgt. C.R.

   f. Engaged in counseling with Sgt. C.R.;

   g. Engaged in medical treatment beyond his scope of licensure, education and training.

54.   Defendant United Sates of America violated their standard of care when they:

   a. Failed to properly supervise Defendant Wisner pursuant to VHA Directive 2004-029 or, in the alternative, VHA Directive 1063.

   b. Failed to adequately investigate his background;

   c. Failed to provide adequate and appropriate medical care;

   d. Retained Defendant Wisner in it employment.

   e. Failed to review and/or supervise the medications prescribed to Sgt. C.R.; and

   f. Allowed Wisner to practice beyond the scope of his training.

55.   Defendant Wisner's negligent acts were performed within the scope of 38 U.S.C. § 7316(f), while he was on-the-clock, on the Defendant's premises, and were reasonably incidental to his employment; Defendant United States of America is therefore vicariously liable for the tortious acts of Defendant Wisner.

56.   The resulting harms suffered by Sgt. C.R. were foreseeable consequences of Defendants' negligence.

57.   As direct result of the Defendants' actions, Sgt. C.R. has been caused to suffer from personal and physical injury including, but not limited to: suicidal ideations, panic attacks, PTSD exacerbation, chronic depression and generalized anxiety disorder. Sgt. C.R. also suffers

11

shock, emotional distress, physical manifestations of emotional distress, strain and stress in his marriage, inability to be intimate with this spouse, embarrassment, anger and loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, and out of pocket costs. In addition, because Sgt. C.R. could no longer be treated by Defendant Wisner because of Wisner's tortious conduct, Sgt. C.R. was denied essential care giver benefits. Sgt. C.R. has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

WHEREFORE, Sgt. C.R. prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages including personal and physical injury, for damages for aggravating circumstances, for his costs herein incurred, and for such further relief as this Court deems just and proper.

## COUNT 2
## NEGLIGENT SUPERVISION, RETENTION, AND HIRING
### (Defendants VA and the United States of America)

58.     Sgt. C.R. hereby incorporates by reference the allegations contained in the above paragraphs as if fully restated herein.

59.     Defendant Wisner was a physician's assistant for the Leavenworth VA hospital, who, as a part of his job duties, practiced and prescribed medicine, including performance of physical exams, under the close supervision of a VA hospital physician.

60.     Defendants VA and Untied States of America owed Sgt. C.R. the duty to exercise reasonable care to employ, supervise, control and retain a competent and careful physician's assistant to:

    a.   Provide adequate and competent medical care to Sgt. C.R.;

    b.  Perform work which involves a risk of physical harm unless it is skillfully and carefully done;

    c.  Perform his duties in a reasonable manner that would avoid causing foreseeable harm to third parties;

61.    VHA Directive 2004-029 required that a supervising physician conduct a structured review of the assigned PA's performance every two years at the time of the renewal of the PA's scope of practice.

62.    VHA Directive 2012-30 and VHA Handbook 1100.19 require credentialing and verification with respect to reappointment of a PA—both of which relate to the VA's retention of Defendant Wisner.

63.    Had Defendant United States of America followed the specific, non-discretionary requirements in VHA Directive 2004-029, VHA Directive 2012-30 and VHA Handbook 1100.19 and, it would have discovered the multiple complaints made against Defendant Wisner for inappropriate conduct.

64.    Defendants VA and United States of America violated its duty when it failed to exercise reasonable care when it decided to employ and continue to employ Defendant Wisner yet failed to supervise him appropriately.

65.    Defendants knew or should have know that Defendant Wisner was unable to provide competent medical care to the Sgt. C.R. or to conduct himself in a way that avoided an unreasonable risk of harm to third parties.

66.    Upon information and belief, the Defendants knew or reasonably should have known that:

a.  Defendant Wisner had victimized other veterans at the Leavenworth
    VA hospital;

b.  Defendant Wisner was dangerous to patients;

c.  Defendant Wisner was an impaired practitioner;

d.  Defendant Wisner had propensities to provide improper medical care;

e.  Defendant Wisner had propensities to violate patient boundaries;

f.  Defendant Wisner had propensities to inflict emotional distress.

g.  Provided excessive medication to his clients;

h.  Engaged in counseling service with his clients;

i.  Performed medical procedures, exams, counseling and other
    medication evaluations that were beyond the scope of his knowledge,
    education and training; and

j.  Engaged in repeated boundary violations.

67.     Defendants VA and the United States of America further had knowledge and
reason to believe that Defendant Wisner's particular qualities and propensities to provide
inadequate and inappropriate medical care, violate patient boundaries, and to act as an impaired
practitioner presented an undue risk of harm to patients and third parties.

68.     Defendants VA and United States of America knew or should have know that
continued employment of Defendant Wisner would continue to expose patients and third parties,
such as Sgt. C.R., to potential harm.

69.     As a result, the VA negligently retained Wisner each time it failed to properly
evaluate him prior to reappointments.

70.     Sgt. C.R.'s harms were within the risk created by Defendant Wisner's known propensities.

71.     Defendants VA and United States of America possessed reason to believe that employment of Defendant Wisner would result in undue risk of harm to others.

72.     At the time of the negligent acts complained of herein, Defendant Wisner was the agent, actual or ostensible, of Defendant United States of America and was acting within the scope and course of his employment with Defendant United States of America. As such, all negligent acts of Defendant Wisner are imputed to his employer/principal, United States of America.

73.     Defendants VA and United States of America further knew or should have know that Defendant Wisner's conduct around patients and third parties such as Sgt. C.R. required reasonable control and supervision.

74.     Defendants VA and United States of America failed to provide adequate oversight and review of Defendant Wisner's performance of his job duties.

75.     Defendants VA and United States of America further failed to adequately supervise and control Defendant Wisner given his known propensities toward harming patients.

76.     The resulting harms suffered by the Sgt. C.R. were foreseeable consequences of Defendant VA and United States of America's negligence.

77.     As direct result of the Defendants' actions, Sgt. C.R. has been caused to suffer from personal and physical injury including, but not limited to: suicidal ideations, panic attacks, PTSD exacerbation, chronic depression and generalized anxiety disorder. Sgt. C.R. also suffers shock, emotional distress, physical manifestations of emotional distress, strain and stress in his marriage, inability to be intimate with this spouse, embarrassment, anger and loss of self-esteem,

disgrace, humiliation, loss of enjoyment of life, and out of pocket costs. In addition, because Sgt. C.R. could no longer be treated by Defendant Wisner because of Wisner's tortious conduct, Sgt. C.R. was denied essential care giver benefits. Sgt. C.R. has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

WHEREFORE, Sgt. C.R. prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages including personal and physical injury, for damages for aggravating circumstances, for his costs herein incurred, and for such further relief as this Court deems just and proper.

## COUNT 3
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### (All Defendants)

78.    Sgt. C.R. hereby incorporates by reference the allegations contained in the above paragraphs as if fully restated herein.

79.    Defendant Wisner's examination of Sgt. C.R. was committed with reckless disregard for the Sgt. C.R.

80.    Defendant Wisner's offensive inquiry to Sgt. C.R. was committed with reckless disregard for the Sgt. C.R.

81.    Defendant Wisner's conduct was extreme and outrageous.

82.    At the time of the negligent acts complained of herein, Defendant Wisner was the agent, actual or ostensible, of Defendant United States of America and was acting within the scope and course of his employment with Defendant United States of America. As such, all negligent acts of Defendant Wisner are imputed to his employer/principal, United States of America.

16

83.     Defendants VA and United States of America's failure to supervise, control and fire Defendant Wisner was extreme and outrageous.

84.     Defendants' conduct was the direct and proximate cause of foreseeable mental distress for the Sgt. C.R.

85.     Sgt. C.R.'s mental distress was extreme, severe, medically diagnosable and significant and such that no reasonable person should be expected to endure it.

86.     As direct result of the Defendants' actions, Sgt. C.R. has been caused to suffer from personal and physical injury including, but not limited to: suicidal ideations, panic attacks, PTSD exacerbation, chronic depression and generalized anxiety disorder. Sgt. C.R. also suffers shock, emotional distress, physical manifestations of emotional distress, strain and stress in his marriage, inability to be intimate with this spouse, embarrassment, anger and loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, and out of pocket costs. In addition, because Sgt. C.R. could no longer be treated by Defendant Wisner because of Wisner's tortious conduct, Sgt. C.R. was denied essential care giver benefits. Sgt. C.R. has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

WHEREFORE, Sgt. C.R. prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages including personal and physical injury, for damages for aggravating circumstances, for his costs herein incurred, and for such further relief as this Court deems just and proper.

## COUNT 4
## OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

87.    Sgt. C.R. hereby incorporates by reference the allegations contained in the Background Facts Applicable to All Counts as if fully restated herein.

88.    Defendant Wisner, while operating in a medical context, within the scope of his job duties, and precipitated by Sgt. C.R. seeking medical care, engaged in intentional, reckless and outrageous conduct that was in reckless disregard of the Sgt. C.R.'s well being.

89.    Defendants VA and United States of America, in the context of providing the Sgt. C.R. medical services, engaged intentional, reckless and outrageous conduct by abdicating all responsibility to supervise Defendant Wisner appropriately, in reckless disregard of Sgt. C.R.'s well being.

90.    Defendants VA and United States engaged in outrageous conduct when they received reports of inappropriate behavior form the heroes it served, but continued to place veterans in harm's way by assigning Wisner to their care with unfettered authority to treat them.

91.    Defendant Wisner's conduct was extreme and outrageous by any reasonable standard and in any community in America, and goes beyond the bounds of decency so as to be regarded as utterly atrocious and intolerable in civilized society.

92.    The conduct of Defendants VA and United States of America was extreme and outrageous by any reasonable standard and in any community in America, and goes beyond the bounds of decency so as to be regarded as utterly atrocious and intolerable in a civilized society.

93.    As direct result of the Defendants' actions, Sgt. C.R. has been caused to suffer from personal and physical injury including, but not limited to: suicidal ideations, panic attacks, PTSD exacerbation, chronic depression and generalized anxiety disorder. Sgt. C.R. also suffers shock, emotional distress, physical manifestations of emotional distress, strain and stress in his marriage, inability to be intimate with this spouse, embarrassment, anger and loss of self-esteem,

18

disgrace, humiliation, loss of enjoyment of life, and out of pocket costs. In addition, because Sgt. C.R. could no longer be treated by Defendant Wisner because of Wisner's tortious conduct, Sgt. C.R. was denied essential care giver benefits. Sgt. C.R. has sustained or may in the future sustain expenses for medical and psychological treatment, therapy and counseling claims as well as lost earnings and/or earning capacity.

WHEREFORE, Sgt. C.R. prays for a judgment against the Defendants in an amount that is fair and reasonable for actual and compensatory damages including personal and physical injury, for damages for aggravating circumstances, for his costs herein incurred, and for such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL OF ALL ISSUES

94.     Sgt. C.R. demands a trial by jury of all issues in this case.

## DESIGNATION OF TRIAL LOCATION

95.     Sgt. C.R. hereby designates Kansas City, Kansas as the location for trial.

Respectfully submitted,

Rebecca M. Randles, KS #16832
RANDLES MATA, LLC
406 W. 34th Street Ste. 623
Kansas City, MO. 64116
Telephone: (816) 931-9901
Fax: (816) 931-0134
rebecca@randlesmatalaw.com
Attorney for Plaintiff John Doe C.R.