IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN DOE C.R.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 17-2613** |
| **UNITED STATES OF AMERICA,** ) | |
| **DAVID SHULKIN in his official capacity as** ) | |
| **the SECRETARY OF THE DEPARTMENT** ) | |
| **OF VETERANS AFFAIRS, and** ) | |
| **MARK WISNER,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff John Doe C.R. brings this case against defendants United States of America, David Shulkin (in his official capacity as the Secretary of the Department of Veterans Affairs), and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff, overprescribed medication, and made inappropriate comments about plaintiff's sexual activity. Plaintiff also alleges state law claims. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 13). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff.

Wisner was a physician's assistant for the VA, and is a defendant in more than ninety pending civil suits before this court.

The claims in this case are similar to claims in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe D. E. v. United States*, No. 16-2162, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here. Highly summarized, they are: (1) Count I: Negligence – Medical Malpractice; (2) Count II: Negligent Supervision, Retention and Hiring; (3) Count III: Negligent Infliction of Emotional Distress; and (4) Count IV: Outrage/Intentional Infliction of Emotional Distress.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and similar claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe D. E.*, 2017 WL 1908591, at *2.

## **Scope of Employment**

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

This court has repeatedly held that plaintiffs with similar allegations to those here have sufficiently alleged that Wisner's conduct was within the scope of his employment. *See, e.g.*, *Doe BF v. United States*, No. 17-2088, 2017 WL 4355577, at *4–*5 (D. Kan. Oct. 2, 2017); *Almquist v. United States*, No. 17-2108, 2017 WL 4269902, at *4–*5 (D. Kan. Sept. 25, 2017); *Anasazi*, 2017 WL 2264441, at *4; *Doe D. E.*, 2017 WL 1908591, at *4. The court also has held that plaintiffs with

similar allegations have presented plausible claims that the VA Immunity Statute applies, allowing them to pursue remedies under the FTCA for claims arising out of a battery. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at \*5; *Almquist*, 2017 WL 4269902, at \*5; *Anasazi*, 2017 WL 2264441, at \*5; *Doe D. E.*, 2017 WL 1908591, at \*4. The court likewise allows plaintiff to proceed in this case.

### Statute of Repose

Defendant claims that at least some of plaintiff's claims are barred by Kansas's four-year statute of repose. *See* Kan. Stat. Ann. § 60-513(c) (stating that, with respect to a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider," "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action"). Plaintiff disagrees, arguing that the FTCA's administrative process tolls the statute of repose. As the court has repeatedly held in these cases, plaintiff is correct. The FTCA administrative process tolls the statute of repose. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at \*3; *Almquist*, 2017 WL 4269902, at \*3.

The impact of this ruling is that some of plaintiff's claims may be barred by the statute of repose. In his complaint, plaintiff alleges that he saw Wisner on nineteen occasions from November 9, 2011 to November 20, 2013. Taking these allegations as true, some of plaintiff's claims likely happened before November 22, 2012, which was four years before plaintiff filed an administrative claim. Any such claims are therefore barred by the statute of repose. The law that plaintiff cites on accrual of causes of action relates to statutes of limitations—not statutes of repose. It is not relevant to defendant's arguments here.

### Count II – Negligent Supervision, Hiring, and Retention

The court has previously dismissed other plaintiffs' claims for negligent hiring and retention based on the discretionary function exception to the FTCA. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at

\*8–\*9; *Doe D. E.*, 2017 WL 1908591, at \*8.  This outcome remains appropriate despite plaintiff's argument that the VA had mandatory duties under the U.S. Constitution.  *Doe BF*, 2017 WL 4355577, at \*5–\*6; *Almquist*, 2017 WL 4269902, at \*5–\*6.

As for the negligent supervision claim, the court has allowed this claim to proceed in the past.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at \*6; *Almquist*, 2017 WL 4269902, at \*6; *Anasazi*, 2017 WL 2264441, at \*7; *Doe D. E.*, 2017 WL 1908591, at \*6.  For the reasons the court has set forth in other related opinions, defendant's motion is denied with respect to plaintiff's claim for negligent supervision.

### **Counts III and IV – Negligent Infliction of Emotional Distress and Outrage**

As this court has previously held, a claim for negligent infliction of emotional distress must include a qualifying physical injury.  *Majors v. Hillebrand*, 349 P.3d 1283, 1285 (Kan. Ct. App. 2015).  Plaintiff claims that his "PTSD exacerbation" and "inability to be intimate with his spouse" are qualifying physical injuries.  They are not.  *See Williams v. Taco Tico, Inc.*, No. 106,088, 2012 WL 2045369, at \*6 (Kan. Ct. App. June 1, 2012) (finding PTSD insufficient to qualify as a physical injury); *Reynolds v. Highland Manor, Inc.*, 954 P.2d 11, 14 (Kan. Ct. App. 1998) (finding decreased sexual relations with spouse (as well as headaches and anxiety) insufficient to qualify as a physical injury).  Although plaintiff alternatively asks for leave to amend his complaint in the event the court does not find his allegations of physical injury sufficient, the court will not grant leave at this time.  The case remains pending, so plaintiff may seek leave to amend his complaint following the proper procedures under the federal and local rules.

The court has allowed plaintiffs to proceed with outrage claims in all of the cases previously identified.  *See, e.g.*, *Doe BF*, 2017 WL 4355577, at \*7; *Almquist*, 2017 WL 4269902, at \*7; *Anasazi*,

2017 WL 2264441, at *10; *Doe D. E.*, 2017 WL 1908591, at *9–*10.  Plaintiff has once again placed his outrage claim outside the discretionary function exception.

### David Shulkin as a Proper Party

The only proper party in an FTCA case is the United States – not the agency or employees. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper party defendant in an FTCA action.").  The court therefore dismisses David Shulkin from this action.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 13) is granted in part and denied in part.  The motion is granted as to Count III.  The motion is also granted as to plaintiff's negligent hiring and retention claim in Count II, but denied as to plaintiff's negligent supervision claim in Count II, as well as Count IV.  Secretary David Shulkin is dismissed because he is not a proper party to this lawsuit.  Finally, some of plaintiff's claims may be time-barred.

Dated this 30th day of May, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**